**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:      Great Value Storage, LLC, World Class Capital Group, LLC, and Natin Paul v. Princeton Capital Corporation and In re Great Value Storage, LLC, World Class Capital Group, LLC, and Natin Paul

Appellate case number:      01-21-00284-CV & 01-21-00672-CV

Trial court case number:    2019-18855

Trial court:                 165th District Court of Harris County

On October 26, 2021, this Court issued an order in appellate cause number 01-21-00284-CV, temporarily granting appellants' motion to stay appointment of the receiver. In the order, the Court abated the appeal and remanded for a hearing in the trial court for a determination by the trial court whether appellee's interests would be protected by a supersedeas bond or other order under Rule 24. Rule 24.1 permits a judgment debtor to supersede by either filing a good and sufficient bond, making a cash deposit in lieu of bond, or providing alternate security ordered by the trial court. *See* TEX. R. APP. P. 24.1(a).

In this order, the Court directed the filing of a status report by November 15, 2021. On November 15, 2021, appellants filed a letter stating that they intended to file a nominal $100 bond and attached a declaration by their bookkeeper asserting that Great Value had a negative net worth. The receiver and appellee filed letters asserting that the temporary stay of the order appointing a receiver should be lifted based on appellants' lack of compliance with this Court's order.

Because appellants did not comply with this Court's order, the order of October 26, 2021 was withdrawn, the abatement was lifted, the appeal was reinstated on the active docket, and the temporary grant of appellants' motion for emergency relief was withdrawn and the motion for emergency relief was denied. This ruling stated that it did not prevent appellants from obtaining suspension of enforcement of the judgment by obtaining the trial court's approval of a good and sufficient bond. *See* TEX. R. APP. P. 24.1(a),(b)(2). To date, appellants have not sought approval from the trial court of their nominal cash deposit.

Appellants also filed an original proceeding in appellate cause number 01-21-00672-CV challenging the trial court and the receiver's actions in enforcing the judgment after appellants filed a nominal cash deposit. This Court issued an order on December 6, 2021, granting the motion

for temporary relief, and stayed the trial court's order appointing the receiver. Today, we **withdraw that order and lift that stay**.

Although appellants claim that their nominal cash deposit in lieu of supersedeas is sufficient, the receiver has filed a motion in the original proceeding, asking that we lift the stay because the financial declaration filed by appellants is false and appellant is not entitled to suspend enforcement of the final judgment based on a nominal cash deposit. The receiver further contends that appellants have transferred properties while the stay orders issued by this Court have been in effect. To protect both parties, the Court will not stay the trial court's order without a supplemental clerk's record containing findings and conclusions from the trial court that this deposit is sufficient under Rule 24.

Accordingly, the Court **abated** the appeal and **remanded** to the trial court for a determination whether appellee and appellants' rights would be adequately protected by supersedeas or another order under Rule 24, and if so, the amount and type of security appellant must post. *See* TEX. R. APP. P. 24.1, 24.3, 29.1, 29.3; *WC 1st & Trinity; LP v. Roy F. and JoAnn Cole Mitte Found.*, No. 03-19-00905-CV, 2019 WL 6972679, at *1 (Tex. App.—Austin Dec. 19, 2019, no pet.) (mem. op.).

Appellants are ordered to file a status report with this Court concerning the status of the supersedeas proceedings **on or before January 18, 2022**, and to see that a clerk's record is filed in this Court concerning the trial court's determination of the amount and type of supersedeas, as well as any bond or other supersedeas posted by appellant. The Court **may reinstate and proceed with the appeal on the active docket if appellants fail to file a status report by January 18, 2022**.

It is so ORDERED.

Judge's signature: _____/s/ Peter Kelly_____
           ☑ Acting individually    ☐ Acting for the Court

Date: __December 23, 2021_____